UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 12-95-DLB-CJS

TAYLOR BOTKIN                                                                    PLAINTIFF

v.                                              ORDER and
                                    REPORT AND RECOMMENDATION


TOKIO MARINE & NICHIDO FIRE
INSURANCE CO., LTD.                                                           DEFENDANT


* * * * * * * * * * * * * *

This matter is before the Court on Defendant's Motion for Leave to File Third-Party

Complaint (R. 35), and Plaintiff's Motion for Order for Oral Arguments On Defendant's Motion for

Leave to File Third-Party Complaint (R. 44).  Both motions have been fully briefed and are now ripe

for adjudication.  For the reasons stated below, it will be **recommended** that Defendant's Motion

for Leave to File Third-Party Complaint be **denied.**  Further, because oral argument is not necessary

for the adjudication of Defendant's motion, Plaintiff's Motion for Order for Oral Argument will be

**denied.**

I.      **Background**

On March 16, 2010, Plaintiff was injured in a car accident when the taxi in which he was

riding collided with a vehicle driven by Tarik Uzmezler.[1]  It appears undisputed that Uzmezler

---

[1]While Plaintiff's Complaint identifies the underlying tortfeasor as Mr. Uzmevler, both parties'
briefs, the tendered Third-Party Complaint, and Plaintiff's initial disclosures identify him as Mr. Uzmezler.
The latter is assumed to be the correct spelling.

caused the accident.  Plaintiff alleged that at the time of the accident Uzmezler was driving under the influence of alcohol.  (R. 1-1, ¶ 7).  Plaintiff settled his claim against Uzmezler.[2]

At the time of the accident Plaintiff was insured by Defendant under a policy of insurance that contained underinsured motorist (UIM) coverage.  Plaintiff alleges that, pursuant to Kentucky Revised Statute § 304.39-320, he notified Defendant of the settlement with Uzmezler/State Farm.  Defendant allegedly waived its subrogation rights against Uzmezler and consented to the settlement.

On March 14, 2012, Plaintiff filed suit against Defendant in Kenton Circuit Court seeking payment under the UIM provision of his policy for damages he alleges he sustained in excess of the amount he recovered from Uzmezler's insurance carrier. (R. 1-1).  On April 13, 2012, Defendant removed the action to this Court on the jurisdictional basis of diversity of citizenship.  (R. 1).

On June 5, 2012, the presiding District Judge entered a scheduling order setting December 17, 2012, as the deadline for Defendant to file a motion to amend pleadings or join additional parties. (R. 17).  On December 20, 2012, this Court granted the parties' joint request to extend their deadline to amend pleadings or join parties until January 7, 2013.  (R. 31).  On January 7, 2013, Defendant filed a motion for a further extension of time to join parties or amend pleadings, stating it was still awaiting a complete response to its subpoena from the Fort Lauderdale Police Department.  (R. 32).  Plaintiff objected to any further extension, explaining Defendant has had the police report for more than two years.  Further, Plaintiff took note that Defendant waited until December 13, 2012, to issue its subpoena despite the impending deadlines. (R. 33).  The Court granted Defendant until January 22, 2013, to move for leave to amend pleadings or join parties, but

---

[2]Plaintiff's Complaint explains that State Farm Insurance provided liability insurance coverage for Uzmezler and divided the $300,000 per accident policy limit among several persons injured in the accident. State Farm tendered $20,000 to Plaintiff.

2

specifically cautioned that any such motion must contain an appropriate supporting memorandum as to why the proposed amendment and/or joinder is warranted. (R. 34).

On January 22, 2013, Defendant filed the pending Motion for Leave to File Third-Party Complaint, attaching the proposed Third-Party Complaint. (R. 35).  In the proposed Third-Party Complaint, Defendant asserts that Uzmezler was employed at Ocean Manor Resort, owned by AFT Management Corp. (AFT), and that on the night of the accident, Uzmezler was a patron of the resort's Tiki Lounge.  Defendant alleges that employees of the lounge served alcohol to Uzmezler after he had become noticeably intoxicated and knowing that he was habitually addicted to alcohol, in violation of Florida's dram shop statute.[3]  Thus, Defendant asserts it is entitled to bring a claim for indemnity against AFT and further asserts it is entitled to a jury instruction permitting the jury to apportion fault between AFT and Uzmezler for purposes of determining whether Plaintiff is entitled to UIM benefits.

Plaintiff opposes Defendant's filing of a third-party complaint, arguing Defendant is not entitled to indemnity from AFT nor is it entitled to an apportionment instruction.  Moreover, Plaintiff argues that even if Defendant is entitled to pursue an indemnity claim against AFT, it should do so in a separate action, as Plaintiff will be prejudiced by permitting such a claim here.

## II.    Analysis

It is clear from Defendant's proposed Third-Party Complaint that it seeks indemnification and an apportionment jury instruction against AFT for its alleged violation of Florida's dram shop

---

[3]Florida Statute § 768.125 provides in relevant part: "A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except . . . who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damages caused by or resulting from the intoxication of such . . . person.  Fla. Stat. § 768.125.

law, which Defendant asserts renders AFT vicariously liable for Plaintiff's damages. (R. 35-3, ¶ 23).

Under the facts alleged, Defendant is not be entitled to an apportionment instruction under Kentucky

law,[4] and it can pursue any claim for indemnity in a separate action, thus precluding any delay or

prejudice to Plaintiff.

    A court in this district has explained the distinction between apportionment and indemnity

under Kentucky law, stating:

> According to the Kentucky Supreme Court, apportionment applies when two or more tortfeasors are acting *in pari delicto*, that is, when they "are guilty of concurrent negligence of substantially the same character which converges to cause the plaintiffs' damages." *Degener [v. Hall Constr. Corp*., 27 S.W.3d 775, 778 (Ky. 2000)].

> "Indemnity, on the other hand, applies where 'both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.' " *Johnson v. Uptown Cafe Co.*, 2005 U.S. Dist. LEXIS 7391, at *3 (W.D. Ky. Feb. 7, 2005) (quoting *Degener*, 27 S.W.3d at 780) . . . .

> . . . .

> The Supreme Court of Kentucky has repeatedly noted that the right to apportionment of liability "has no application to the common law right of a constructively or secondarily liable party to total indemnity from the primarily liable party with whom he/she is not *in pari delicto*." *Degener,* 27 S.W.3d at 780. Accordingly, where it is clear that a plaintiff can only state a claim for indemnity, Section 411.182 is inapplicable.

*Asher v. Unarco Material Handling, Inc.,* No. 6:06-548-DCR, 2007 WL 3046064, at **2-3 (E.D.

Ky. Oct. 16, 2007) (footnotes omitted); *see also Texas Capital Bank, N.A. v. First American Title*

---

[4]The parties' reliance on KRS § 411.182 is misplaced, as it applies only to tort actions. *Kentucky Farm Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797, 800-01 (Ky. 2005). However, KRS § 411.182 is a codification of Kentucky's common law "evolution of the procedure for determining the respective liabilities of joint tortfeasors." *Asher v. Unarco Material Handling, Inc*., No. 6:06-548-DCR, 2007 WL 3046064, *2 (E.D. Ky. Oct. 16, 2007). The Court will consider the parties' arguments in light of the common law.

*Ins. Co.*, No. 3:09-cv-661-H, 2012 WL 443460, at *2 (W.D. Ky. Feb. 10, 2012) ("apportionment and indemnity are [] exclusive of one another").

Plaintiff argues that Defendant is not entitled to an apportionment instruction because the Kentucky legislature has determined that the consumption of intoxicating beverages–not a dram shop's conduct of serving or furnishing the beverages–is the proximate cause of any damage inflicted by an intoxicated person, and thus AFT and Uzmezler were not *in pari delicto*.  (R. 38) (citing KRS § 413.231(1)).  As Defendant points out, the Kentucky Court of Appeals has held that "the legislative finding regarding proximate causation in KRS 413.241(1) intrudes upon the fact-finding roles of the courts, in violation of . . . the Kentucky Constitution," thus holding the statute unconstitutional to the extent it prevents a fact-finder from determining whether an injury is a foreseeable consequence of the dram shop's improper sale of alcohol.  *Taylor v. King*, 345 S.W.3d 237, 243-44 (Ky. Ct. App. 2010).  Nevertheless, the fact that KRS § 413.241(1) may no longer impute proximate cause to the intoxicated person over the dram shop does not mean Defendant here is entitled to an apportionment instruction.

To the contrary, "[a]pportionment of liability arises 'when two or more joint tortfeasors are guilty of concurrent negligence of substantially the same character which converge to cause the plaintiff's damages.'  Such joint tortfeasors are said to be 'in pari delicto.'"  *Texas Capital*, 2012 WL 443460 at *2 (quoting *Degener*, 27 S.W.3d at 778).  "The clear Kentucky precedent allows apportionment of fault only among parties *in pari delicto*."  *Id.* at *5.

*Jackson v. Tullar*, 285 S.W.3d 290 (Ky. Ct. App. 2007) is on point.  There, while the Kentucky Court of Appeals applied Kentucky's dram shop statute, KRS § 413.241(1), in determining proximate cause, its *in pari delicto* analysis was based on the common law rules of apportionment,

which are still applicable here.  *Id*. at 296; *see also Texas Capital*, 2012 WL 443460, at *3 n.5.  The *Jackson* court held that "apportionment between the intoxicated tortfeasor and the dram shop is improper because the actions that give rise to liability–directly causing injury and improperly serving alcohol to someone who later causes injury, respectively–do not constitute concurrently negligent acts.  Rather, they are separate and independent actions of two fundamentally different characters."

Defendant cites to *Kentucky Farm Bureau Mutual Insurance Co. v. Ryan,* 177 S.W.3d 797 (Ky. 2005) in support of its argument that it is entitled to an apportionment instruction, possibly even without asserting a claim against AFT.  *Ryan* is an underinsured motorist case in which the UIM carrier was permitted to file a third-party complaint against an unknown motorcyclist who it claimed caused, at least in part, the accident.  *Ryan*, 177 S.W.3d at 799.  The court held that while KRS § 411.182 by its express terms applies only to tort actions,  Kentucky's common law concepts of comparative fault applied to the UIM case to permit an instruction for an apportionment of fault among negligent parties, assuming the evidence supported such an instruction.  *Id*. at 803-04.  The apportionment instruction, however, was between two drivers who allegedly caused the accident–the defendant who was driving the car that hit plaintiffs' decedents and the unknown motorcyclist who allegedly veered in front of defendant.  Thus, while not discussed in the case, the two drivers were *in pari delicto* as their alleged negligence was of substantially the same character–negligent driving–which converged to cause plaintiffs' injuries.  Defendant's citation to other cases permitting apportionment between tortfeasors acting *in pari delicto* are not on point with the case at bar since AFT and Uzmezler were not acting *in pari delicto*.

6

*Texas Capital* also supports a finding that an apportionment instruction is not available to Defendant in this case.[5] Specifically, the *Texas Capital* court held that an apportionment instruction was not warranted under Kentucky law because the wrongdoers were not acting *in pari delicto*. There, the plaintiff filed suit against First American Title Insurance for the loss of $1.9 million it had wired to First American for the purpose of residential closings.  First American wrongfully transferred the money to Ms. Phouthavong, an officer at a residential mortgage loan company, after Phouthavong fraudulently told First American that Texas Capital wired the money by mistake and that First American should transfer the money to another account.  First American filed a third-party complaint against Phouthavong for an allocation of fault, which the court struck after finding there was no cause of action for apportionment.  The court went on to explain that "[t]he Kentucky precedent allows apportionment of fault only among parties *in pari delicto*."  *Id.* at *5.  The court concluded that First American and Phouthavong were not *in pari delicto* because while both were allegedly at fault, it was not the same fault.  The court explained that First American's alleged fault was in releasing Texas Capital's money to Phouthavong without permission, while Phouthavong's fault was in pursuing the fraudulent scheme.  Since First American and Phouthavong were not acting *in pari delicto,* the court held that an apportionment instruction was not appropriate.  *Id.* at *6.

Similarly, Uzmezler's and AFT's alleged wrongful conduct are not of the same character. Uzmezler's liability is based on his alleged conduct of driving a vehicle backwards on the wrong side

---

[5]Defendant misreads the holding of *Texas Capital*, stating "the court later dismissed the third-party claim but noted that, by filing the claim, 'the defendant had preserved its right to an apportionment instruction at trial.'" (R. 42, at 4).  The Court did not so hold.  Instead, the Court noted that while it had previously allowed such an instruction against a dismissed third-party defendant, citing *ISP Chemicals, LLC v. Dutchland, Inc.*, 771 F. Supp. 2d 747, 752 (W.D. Ky. 2011), because it found apportionment did not apply here, it was expressing no opinion as to whether dismissal of the third-party complaint for apportionment bars an apportionment instruction.  *Texas Capital*, 2012 WL 443460, at * 2 n.3.

of the road under the influence of alcohol, thus causing the car accident. AFT's alleged liability is based on its serving Uzmezler alcoholic beverages before the accident. The alleged fault of Uzmezler and AFT are not of the same character; they are not *in pari delicto* and apportionment has no application. *See id.*, at *5; *Asher*, 2007 WL 3046064, at *4 (citing *Degener*, 27 S.W.3d at 780).

The question then becomes whether a claim for indemnity is proper. The Court need not address this issue, however, because as Defendant concedes in its Reply "the issue is a matter between [Defendant] and AFT," which "claim could be –and probably should be–determined by the Court post-verdict." (R. 42, at 9). The Defendant further admits that the "primary reason that [it] seeks to implead AFT is for an allocation-of-fault jury instruction as to AFT in compliance with Kentucky's active-assertion rule." (*Id.*). As explained above, Defendant is not entitled to an apportionment instruction, and thus the purpose of the motion is not furthered by proceeding against AFT on any potential claim for indemnity.

Moreover, permitting Defendant to implead AFT at this point in the litigation would unduly prejudice Plaintiff. This matter has been pending in this Court for almost a year, and Defendant filed its Answer in the state court action on or about April 6, 2012. (R. 1-2). A review of the docket evidences that the parties have been active in pursuing discovery and preparing the case toward final adjudication. Although the pending motion was filed on the final day of the requested extension and thus did not violate the Court's case schedule, granting the motion would require additional depositions, discovery, and further extensions of pretrial deadlines. This matter is in the "home stretch," with a dispositive motion deadline to be set soon after the Rule 35 examination is complete (*See* R. 49). It is clear that allowing Defendant to implead AFT at this point in the litigation would

unnecessarily complicate the case and cause further delays in this matter.  Defendant can proceed against AFT in a separate action if it so chooses.

### III.   Conclusion

The Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's Motion for Order for Oral Arguments on Defendant's Motion for Leave to File Third Party Complaint (R. 44) is hereby **denied.**

**IT IS RECOMMENDED** that Defendant's Motion for Leave to File Third-Party Complaint (R. 35) be **denied.**

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service or further appeal is waived.  Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another's objections within 14 days of being served with those objections.  Fed. R. Civ. P. 72(b)(2).

Dated this 9th day of April, 2013.



Signed By:

*Candace J. Smith*

**United States Magistrate Judge**